# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: W.S.F.- World Sports Fans, LLC, an Arizona limited liability company, Debtor. | No. 11-05-27795 PHX GBN (Jointly Administered with Case Nos. 11-05-27993 PHX-GBN and 11-05-27994 PHX-SSC) |

_____

RAVEN II HOLDINGS, an Arizona LLC,

    Plaintiff,

v.                                                                                      Adversary No. 07-1002 M

QUEST TITLE COMPANY, a New
Mexico Corporation, DUANE SLADE,
JENNIFER SLADE, GUY WILLIAMS,
LISA WILLIAMS, DUANE SLADE and
GUY WILLIAMS d/b/a WFS, WORLD
SPORTS FANS, LLC,

    Defendants

and

WFS - WORLD SPORTS FANS, LLC,

    Intervenor-Defendant/Counterclaimant.

## ORDER GRANTING MOTION FOR ABSTENTION AND REMANDING ADVERSARY PROCEEDING TO THE THIRTEENTH JUDICIAL DISTRICT COURT

THIS MATTER is before the Court on the Plaintiff's Motion for 28 U.S.C. § 1334(c)(2) Mandatory Abstention, and in the Alternative, Response to Motion to Transfer Venue. ("Motion for Abstention"). Also before the Court is Defendant WSF- WorldSports Fans, LLC's Motion

1

to Transfer Venue ("Motion to Transfer Venue").[1]  Each party filed a response to the other's motion, and also filed a reply in support of its own motion.  The Court heard oral argument on the Motion for Abstention and the Motion to Transfer Venue on March 20, 2007, and took the matter under advisement.

This Adversary Proceeding is the second removal by WSF - World Sports Fans, LLC ("WSF") of a proceeding filed by Raven II Holdings, LLC, an Arizona limited liability company ("Raven") in the Thirteenth Judicial District Court, County of Cibola, State of New Mexico as Case No. CV 2006-00085 ("State Court Action").  After consideration of the record of this proceeding in light of the arguments of counsel and the relevant statutes and case law, the Court finds that the Motion for Abstention should be granted and this adversary proceeding remanded to the Thirteenth Judicial District Court, County of Cibola, State of New Mexico ("State Court").

## BACKGROUND AND PROCEDURAL HISTORY

1. WSF filed a petition for Chapter 11 bankruptcy relief in the Bankruptcy Court for the District of Arizona on November 13, 2005, which is pending under Case No. 05-27995 GBN.  In January of 2006, the Arizona Bankruptcy Court ordered that WSF's bankruptcy proceeding be jointly administered with the Chapter 11 bankruptcy proceedings of Mathon Fund, LLC (Case No. 05-27993 PHX-GBN) and Mathon Fund I, LLC (Case No. 05-27994) under Case No. 05-27993 GBN.

2. Defendants Duane Slade and Guy Williams are the sole members and owners of WSF.  Duane Slade and Guy Williams are also owners of Mathon Management Corporation, the sole member of Mathon Fund, LLC and Mathon Fund I, LLC.  (*See* Disclosure Statement for

---

[1]The Court will enter a separate Order on the Motion to Transfer Venue.

Debtors' Joint Plan of Reorganization date July 7, 2006, pp. 8-9, attached as part of Exhibit A (Part 8) to Notice of Removal; Docket # 1).

3. This dispute arises out of the sale of certain real property in Cibola County, New Mexico (the "Property").

4. WSF listed an ownership interest in the Property on its bankruptcy schedules.[2]

5. The Property was sold in March of 2006. Apparently WSF did not sign the sale documents.

6. Raven filed the State Court Action on April 25, 2006, seeking declaratory relief regarding the distribution of the proceeds from the sale of the Property. The Complaint[3] filed in the State Court Action alleges that Raven and Duane Slade and Guy Williams entered into an agreement for the purchase and subsequent marketing and sale of the Property. Raven alleges that Duane Slade and Guy Williams agreed that upon the sale of the Property, Duane Slade and Guy Williams would be reimbursed for all capital expenditures, and that the remaining proceeds would be distributed fifty percent to Raven, and fifty percent to Duane Slade and Guy Williams, collectively. (Complaint, ¶ 10).

7. Duane Slade and Guy Williams admitted certain allegations contained in Raven's

---

[2] A copy of WSF's bankruptcy schedules has not been made a part of the record of this removed proceeding.

[3] The complaint filed in the State Court Action was not attached to the Notice of Removal as an Exhibit and has not been made a part of the record of this adversary proceeding. However, because the complaint was attached to the prior removal of the State Court Action to this Court as Adversary Proceeding No. 06-1128 M, and because WSF attached a copy of its Answer and Counterclaim filed in the State Court Action as part of its Exhibit A to the Notice of Removal filed in this Adversary Proceeding, and because both parties freely referenced the allegations in Raven's complaint in their arguments on the Motion for Abstention and the Motion to Transfer Venue, the Court will reference certain allegations in the Complaint as part of this Order.

3

Complaint, including paragraphs 10, 12, and 17, which alleged that the Property was purchased in the name of Raven (¶ 12), that Duane Slade and Guy Williams are entitled to reimbursement of their capital investment from the proceeds of the sale of the Property (¶¶ 10 and 17), and that the remaining net proceeds are to be divided equally between Raven on the one hand and Duane Slade and Guy Williams on the other hand (¶¶ 10 and 17). However, the answer of Duane Slade and Guy Williams to the Complaint also avers that the allegations in paragraphs 10 and 12 do not reflect the entirety of the agreement between Raven, Duane Slade and Guy Williams.

8. Raven did not name WSF as a defendant in the State Court Action, although WSF, World Sports Fans, LLC is referred to in the Caption of the State Court Action as a business name (d/b/a) used by Duane Slade and Guy Williams.

9. WSF denies that it was a business name (d/b/a) used by Duane Slade and Guy Williams, and maintains that it is an Arizona limited liability company. (*See* WSF - World Sports Fans, LLC's Answer to Complaint and Counterclaim ("Answer and Counterclaim"), ¶ 6. attached as part of Exhibit A (Part 14) to the Notice of Removal; Docket # 1).

10. Raven did not seek relief from the automatic stay imposed by 11 U.S.C. § 362 in WSF's Arizona bankruptcy proceeding prior to the sale of the Property or the filing of the State Court Action.

11. On or about May 19, 2006, WSF removed the State Court Action to this Court as Adversary Proceeding No. 06-1128 M, and on August 29, 2006, this Court entered an Order Granting Motion to Remand, finding that because WSF was not a party in the State Court Action, it had no standing to remove it. *See* Order Granting Motion to Remand, p. 4 (Adversary Proceeding No. 06-1128 M; Docket # 21).

12. Since then, WFS was allowed to intervene in the State Court Action. (*See* Order Granting WSF-World Sports Fans, LLC's Motion to Intervene, attached as part of Exhibit A (Part 14) to the Notice of Removal; Docket # 1).

13. WFS's Answer and Counterclaim denies all allegations contained in the Complaint, and asserts counterclaims against Raven, alleging violation of the automatic stay imposed by 11 U.S.C. § 362 and requesting turnover of the proceeds from the sale of the Property pursuant to 11 U.S.C. § 542. (*See* Answer and Counterclaim attached as part of Exhibit A (Part 14) to the Notice of Removal; Docket # 1).

14. WSF did not file a motion or adversary proceeding in its Arizona bankruptcy proceeding seeking damages against Raven based on a willful violation of the automatic stay under 11 U.S.C. § 362.

15. WSF did not file an adversary proceeding in its Arizona bankruptcy proceeding seeking an adjudication of its claimed ownership interest in the Property.

16. In June 2006, in connection with the Arizona bankruptcy proceeding, a Settlement Agreement and Stipulation in Aid of Plan of Reorganization ("Stipulation") was entered into among, Mathon Fund, LLC, Mathon Fund I, LLC, WSF, Duane Slade, Guy Williams, James Sell, as conservator[4], and the Arizona Corporation Commission. The Stipulation was joined by the Official Committee of Unsecured Creditors, Jennifer Slade, and Lisa Williams, for certain

---

[4]The Arizona Corporation Commission commenced an action in the Superior Court for Maricopa County, Arizona against Mathon Fund I, LLC, Mathon Fund, LLC, Duane Slade, Guy Williams, an other related entities seeking, among other things, the appointment of a receiver over the assets of the defendant entities based on alleged violations of Arizona securities laws. James Sell was appointed receiver of the defendant entities as part of that action, which was later changed to a conservatorship by stipulation and order entered in that action.

limited purposes. (*See* Stipulation, attached as part of Exhibit A (Part 9 and 10) to Notice of Removal; Docket # 1).

17. The Stipulation provides that Duane Slade and Guy Williams will transfer certain assets, including their interests in WSF, into a trust, to be established as part of the Chapter 11 plan of reorganization of the jointly administered bankruptcy estates to pay participating investor claims. (*See* Stipulation, p. 20, attached as part of Exhibit A (Part 9 and 10) to Notice of Removal; Docket # 1).

18. Exhibit 2 attached to the Stipulation, lists the additional assets to be contributed by Duane Slade and Guy Williams under the Stipulation. Exhibit 2 to the Stipulation includes the following item: "Principals' beneficial interest, if any, in the New Mexico Property." (*See* Exhibit 2 attached to Stipulation, attached as part of Exhibit A (Part 10) to Notice of Removal; Docket # 1).

19. The Disclosure Statement filed in the jointly administered bankruptcy proceeding recites that the Plan of Reorganization provides for implementation of the Stipulation. (*See* Disclosure Statement to Accompany Debtors' Joint Plan of Reorganization dated July 7, 2006, p. 4, ¶ 2, attached as part of Exhibit A (Part 8) to Notice of Removal; Docket # 1).

20. The Plan of Reorganization provides for the debtors (including WSF) to transfer all assets, including the proceeds from the Stipulation, to a liquidating trustee. (*See* Plan of Reorganization dated July 7, 2006, ¶¶ 7.1 and 8.1, attached as part of Exhibit A (Parts 11, 12, and 13) to Notice of Removal; Docket #1).

21. The Plan of Reorganization provides for the bankruptcy court to retain jurisdiction to determine questions and disputes regarding title to assets of the bankruptcy estate. (*See* Plan of

Reorganization dated July 7, 2006, ¶ 16.2, attached as part of Exhibit A (Part 13) to Notice of Removal; Docket #1).

DISCUSSION

When a proceeding has been removed to the bankruptcy court, and the party who removed the proceeding seeks to transfer venue while the opposing party seeks abstention and remand, the Court should first consider whether to abstain and remand before addressing the request to change venue. *See Frelin v. Oakwood Homes Corp.,* 292 B.R. 369, 380 (Bankr.E.D.Ark. 2003) (concluding that "not only does this [bankruptcy] Court have jurisdiction to decide the Plaintiffs' motion to remand and/or abstain, the Court should and will decide whether remand and/or abstention is required before determining whether venue is proper in [a different bankruptcy court].").[5]  Abstention is governed by 28 U.S.C. § 1332(c), which provides:

> (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced

---

[5] *See also, Ni Fuel Co., Inc. v. Jackson,* 257 B.R. 600, 609 (N.D.Okla. 2000) (agreeing that a motion to remand should be considered prior to determining whether to transfer venue because the court cannot transfer a proceeding over which the court lacks jurisdiction); *Global Underwriting Mgmt, Inc. v. Chatham Underwriting Mgmt, Inc.,* 147 B.R.601, 603 (Bankr.S.D.Fla. 1992) (noting "that where both a motion to abstain and a motion to transfer venue are pending, it is proper to consider the motion to abstain first because it is jurisdictional and dispositive.") (citing *Lone Star Indus., Inc. v. Liberty Mutual Ins.*, 131 B.R. 269 (D.Del.1991)). *But see, e.g., Nelson v. First Lenders Indem. Co.,* 1998 WL 378376 (N.D.Miss. 1998) (finding that court to which state action has been removed should serve as a "conduit" and transfer the proceeding to the court in which the bankruptcy case is pending so that the "home court" can then determine whether to remand the proceeding); *Thomas v. Lorch, (In re Weldo, Inc.),* 212 B.R. 678 (Bankr.M.D.Ala. 1996) (same).

7

in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(1) and (2).

Section 1334(c)(2) addresses situations where the court must abstain, and pertains only to non-core proceedings, whereas § 1334(c)(1) allows for permissive abstention from core matters when abstention best serves the interest of justice, judicial economy, or respect for state law. *See In re Premier Hotel Dev. Group,* 270 B.R. 243, 250 (Bankr.E.D.Tenn. 2001) ("Mandatory abstention does not apply to core proceedings . . .").

"Core" proceedings are proceedings which involve rights created by bankruptcy law, or which would only arise within a bankruptcy proceeding. *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990) ("Core proceedings are proceedings which have no existence outside of bankruptcy.") (citation omitted); 28 U.S.C. § 157(2)(A) - (O) (listing matters included within core proceedings). "Non core" proceedings do not invoke substantive rights created by bankruptcy law, and can exist independent from the bankruptcy. *In re Wood,* 825 F.2d 90, 97 (5th Cir. 1987). The bankruptcy court has jurisdiction over non-core proceedings when they are related to the bankruptcy in that they could conceivably have an effect on the bankruptcy estate. *Gardner,* 913 F.2d at 1518 ("the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate.") (citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir. 1984) ("[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.")). "'Related' proceedings

8

include 'causes of action owned by the debtor . . . which become property of the estate pursuant to 11 U.S.C. § 541.'" *Maryland Cas. Co. v. Aselco, Inc.,* 223 B.R. 217, 220 (D.Kan. 1998) (quoting *Gardner,* 913 F.2d at 1518 (quoting *Celotex Corp. v. Edwards,* 514 U.S. 300, 307. n.5, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995)).

Raven asserts that all elements for mandatory abstention under 28 U.S.C. § 1334(c)(2) have been met, and requests that the Court remand this proceeding to state court.[6] Alternatively, Raven urges the Court to exercise its discretion and abstain from hearing this adversary proceeding under the permissive abstention statute. WSF claims that this adversary proceeding is a "core" proceeding such that mandatory abstention does not apply. In support of its position WSF raises the following arguments: 1) that the Property was listed as an asset of WFS's bankruptcy estate, so that the Property constitutes property of the estate under 11 U.S.C. § 541; 2) that Raven's sale of the Property when it was aware of WFS's bankruptcy proceeding violated the automatic stay under 11 U.S.C. § 362; 3) that Raven should have participated in WFS's bankruptcy proceeding by requesting that its claim be adjudicated by the bankruptcy court or by filing a claim in WSF's bankruptcy proceeding; and 4) that the distribution of the proceeds from the sale of the Property are subject to a confirmed plan of reorganization in WSF's bankruptcy proceeding.

Section 28 U.S.C. § 1334(e) confers on the district court in which a bankruptcy case is filed exclusive jurisdiction over all property of the estate and property of the debtor. 28 U.S.C. §

---

[6]The parties do not contest that the following elements necessary to mandatory abstention under 11 U.S.C. § 1332(2) are present: 1) that an action has been commenced in state court; 2) that Raven has timely filed its Motion for Abstention; 3) that there is no independent basis for federal jurisdiction such as diversity or federal question; and 3) that the claims can be timely adjudicated in state court.

9

1334(e).[7]  While this section defines the bankruptcy court's exclusive jurisdiction (as referred by the district court[8]), the jurisdictional grant under 28 U.S.C. § 1334(b) confers "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11" such that a bankruptcy court has non-exclusive jurisdiction over both core civil proceedings and non-core civil proceedings related to a case under title 11. *See* 1 Collier on Bankruptcy ¶ 3.01[4][c] (Henry J. Sommer and Alan N. Resnick, eds., 15th ed. rev. 2006) (noting that "all three categories of civil proceedings [i.e., those arising under title 11, those arising in cases under title 11, and those related to cases under title 11] are encompassed within section 1334(b)'s grant of original but not exclusive jurisdiction to the district court."). The State Court Action is related to the WSF bankruptcy proceeding inasmuch as WSF claims an interest in the proceeds which are to be distributed pursuant to the terms of its plan of reorganization. Thus, because the outcome of the State Court Action may have an effect on the administration of WSF's bankruptcy estate, it is, at the very least, a "related to" proceeding over which this Court has jurisdiction under 28 U.S.C. § 1334(b). The more difficult question is whether the State Court Action constitutes a "core" proceeding over which mandatory abstention applies.

---

[7]That section provides:
> The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction --
> (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and
> (2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.
>
> 28 U.S.C. § 1334(e).

[8]Pursuant to 28 U.S.C. § 157(a), the district court automatically refers "all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy court.

10

WSF's arguments focus on its assertion that there was an "unauthorized" sale of Property which was an asset of WSF's bankruptcy estate. If the Property is property of the bankruptcy estate, the State Court Action concerning Raven's claim against property of the bankruptcy estate would constitute a core proceeding that falls within the bankruptcy court's exclusive jurisdiction. However, WSF fails to explain how the Property constitutes property of the bankruptcy estate, other than to assert that the Property was listed in WSF's bankruptcy schedules, and that its Plan of Reorganization dictates how the proceeds from the sale of the Property are to be distributed. Indeed, WSF's Answer and Counterclaim states that it claims an interest in the proceeds, and alleges that the proceeds must be turned over because they are property of WSF's bankruptcy estate. "However, '[i]t is settled law' that (a) turnover actions under § 542 cannot be used 'to demand assets whose title is in dispute.'" *In re Allegheny Health Educ. & Research Found.,* 233 B.R. 671, 677 (Bankr.W.D.Pa. 1999) (quoting *U.S. v. Inslaw, Inc.,* 932 F.2d 1467, 1472 (D.C.Cir. 1991)). "[A]ctions seeking a turnover of assets whose title is in dispute can only constitute, at the most, noncore rather than core proceedings given that such actions are not true turnover actions within the meaning of § 542(a) and 28 U.S.C. § 157(b)(2)(E)." *Id.* at 677-78 (citations omitted).

Here, it is clear from the allegations in the Complaint, WSF's intervention in the State Court Action, and WSF's counterclaims, that there is a dispute over the parties' interest in the proceeds from the sale of the Property which WSF contends was property of its bankruptcy estate. Yet, WSF took no action in its bankruptcy proceeding to adjudicate its ownership interest in the Property. Nor did WSF file any action in its bankruptcy proceeding after the Property was sold alleging violation of the automatic stay. Merely listing a parcel of real property on the

11

statements and schedules of a bankruptcy petition when the debtor does not hold legal title to the property does not adjudicate ownership, nor does it transmute a civil proceeding to determine competing interests in the proceeds from the sale of the property arising from a contract dispute into a "core" proceeding. Having failed to file an adversary proceeding in the Arizona bankruptcy court to adjudicate its ownership interest in the Property, it is not appropriate for WSF to intervene in the State Court Action, remove the matter to this Court, assert that it constitutes a core proceeding, and request that the matter be transferred to the Arizona bankruptcy court. WSF's assertion that Raven should have raised the issue in the Arizona bankruptcy proceeding when Raven was not a listed creditor of WSF is an improper attempt to shift responsibility to Raven to determine what, if any, interest WSF has in the Property.

In addition, contrary to what WSF asserts, the State Court will not be called upon to adjudicate the Plan of Reorganization. The State Court will determine how the proceeds from the sale of the Property should be disbursed. Because WSF has intervened, the nature of WSF's interest in the proceeds will also be determined, but such determination will not interfere with the Plan of Reorganization. The Stipulation, entered into in aid of carrying out the Plan of Reorganization, provides that Duane Slade and Guy Williams will contribute "their beneficial interest, *if any,* in the New Mexico Property." (emphasis added). The amount of proceeds the State Court determines should be disbursed to Duane Slade and Guy Williams, if any, will then be contributed to the trust as provided under the terms of the Stipulation and the Plan of Reorganization. Similarly, if the State Court determines that WSF has any interest in the proceeds of the sale, such proceeds will be disbursed to WSF, and ultimately disbursed under the Plan of Reorganization. The construction of terms of the Plan of Reorganization are not

12

implicated by the adjudication of WSF's interest, if any, in the proceeds from the sale of the Property.

The State Court Action initiated by Raven seeks a declaratory judgment to determine proper distribution of the proceeds from the sale of the Property. The proceeding can, and does exist independent of the bankruptcy context, as it raises the contractual dispute over the terms of an agreement to acquire, market, and sell certain real property and divide the profits therefrom. While WSF asserts an interest in the proceeds, no such determination has been made. And because WSF's interest in the proceeds is based upon pre-petition conduct regarding the formation and terms of a contract, it constitutes a non-core, related proceeding. *See Piombo Corp. v. Castlerock Properties (In re Castlerock Properties),* 781 F.2d 159, 162 (9th Cir. 1986) (concluding that a breach of contract action is a related proceeding, even if it fits within the broad definitions of core proceedings under 28 U.S.C. § 157(b)(2)(A) and (O)). The fact that the sale of the Property occurred post-petition, does not alter this analysis. WSF's interest in the Property, which forms its basis for asserting an interest in the proceeds from the sale of the Property, is the pre-petition contract. The Court, therefore, finds that the proceeding is non-core.[9]

Having determined that the State Court Action is non-core, mandatory abstention applies.

---

[9] WSF is correct in stating that actions seeking damages for violation of the automatic stay are core proceedings. *See In re Commercial Fin. Services, Inc.,* 239 B.R. 586, 594 (Bankr.N.D.Okla. 1999) (finding that request for civil contempt for alleged violation of automatic stay is a core proceeding over which the court has plenary jurisdiction). However, WSF's counterclaim in the State Court Action seeking damages for willful violation of the automatic stay could be initiated in WSF's bankruptcy proceeding independent from the State Court Action, and does not, therefore, transform the entire State Court Action into a core proceeding.

*See* 28 U.S.C. § 1334(c)(2). Raven has sufficiently demonstrated the presence of the remaining elements necessary to mandatory abstention: 1) the Motion for Abstention was timely, since it was filed within thirty-one days of the filing of the notice of removal; 2) the State Court Action is based on state law; 3) the State Court Action was commenced in state court; 4) the State Court Action can be timely adjudicated by the state court, since there is no evidence indicating that there is some impediment or known cause to delay the proceedings in the state court; and 5) there is no independent basis for federal jurisdiction other than the bankruptcy. *See Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 776-78 (10th Cir. BAP 1997) (discussing each element enumerated in 28 U.S.C. § 1334(c)(2)). Based on the foregoing, the Court concludes that it should abstain from hearing this non-core proceeding under 28 U.S.C. § 1334(c)(2). Remand under 28 U.S.C. § 1452(b)[10] is, therefore appropriate. *See Midgard,* 204 B.R. at 775 (finding that if abstention is required under 28 U.S.C. § 1334(c)(2), a court should remand the matter to state court); *Premier Hotel Development,* 270 B.R. at 258 ("'The presence of . . . factors requiring mandatory abstention under 1334(c)(2) provides ample equitable grounds for remand of the lawsuit to state court.'") (quoting *Roddam v. Metro Loans, Inc. (In re Roddam),* 193 B.R. 971, 981 (Bankr. N.D.Ala. 1996)(citation omitted)).

WHEREFORE, IT IS HEREBY ORDERED that the Motion for Abstention is GRANTED. The State Court Action is remanded to the Thirteenth Judicial District Court,

---

[10]The remand statute provides:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

28 U.S.C. § 1452(b).

14

County of Cibola, State of New Mexico.

 /s/ Mark B. McFeeley
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

Dennis W Hill
Attorney for Raven II Holdings, an Arizona limited liability company
PO Box 94750
Albuquerque, NM 87199-4750

Joel E. Sannes
Lake & Cobb, PLC
Attorneys for Raven II Holdings, an Arizona limited liability company
10429 South 51st Street, Ste 215
Phoenix, AZ 85044-5237

Eric R Burris
Browstein Hyatt Farber Schreck, PC
Attorneys for WSF - World Sports Fans, LLC
201 Third NW, Ste 1700
Albuquerque, NM 87102

Jonathan Ibsen
Jaburg & Wilk, P.C.
Attorneys for WSF World Sports Fans, LLC
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012